DOCKET FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Not For Publication

-----------------------------------------------------------x
HU YI HUAN,

                    Plaintiff,

              -against-

FEDERAL GOVERNMENT, and U.S.
AMERICA make position: major case of police
to me for name I never get then identity theft
and theft my asset. I freeze asset to used now.
return asset please!,

                    Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-224 (KAM)

MATSUMOTO, United States District Judge:

On January 20, 2010, plaintiff Hu Yi Huan ("plaintiff") filed this *pro se* action.[1] Plaintiff has paid the filing fee to bring this action, but, for the following reasons, the Court finds the complaint is frivolous and therefore it dismisses the complaint. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (the district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee).

## DISCUSSION

Plaintiff submits a complaint on the Court's sample complaint form. Plaintiff's complaint states, *inter alia*, that the "Government Director call me to war in Iraq. I direct Armed Forces walk this way . . . and win then Director count how many soldier die with used science that salary three billion dollars . . .." (Compl. at 1.) Where the form complaint asks plaintiff to list the relief she seeks from each defendant, the plaintiff states: "A. First person stat stay system

---

[1] On December 7, 2009, plaintiff filed another action in this court, which was dismissed as frivolous on January 6, 2010. See Huan v. Direct Armed Forces of Government Director et al., 09-CV-5506 (KAM).

1

in world then Russia stat near my first person stat fight by demolition bomb. B. my first demolition bomb only me can fight. C. I built house on 1991. D. people carrier my property in the body. can change face." (Id.)

## STANDARD OF REVIEW

Because plaintiff is proceeding *pro se*, her papers must be read liberally and interpreted as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). See also Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers."); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). At this stage of a proceeding, the Court must weigh in favor of a plaintiff the factual allegations in the complaint. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). However, the Court may dismiss a claim if the Court finds it is based on "indisputably meritless legal theory." Id.

Plaintiff's pleadings are irrational and incredible. Liberally construed, there are no cognizable claims within its text. The allegations in the complaint--even under the very liberal reading accorded *pro se* pleadings (even if plaintiff believes them to be true)--can only be described as delusional and fantastic. See Denton, 504 U.S. at 33. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the frivolous complaint is dismissed.

## CONCLUSION

Accordingly, the complaint is dismissed as frivolous and delusional. Fitzgerald, 221 F.3d at 363. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to enter Judgment accordingly, to close the case and to serve a copy of this Memorandum and Order and Judgment upon the plaintiff.

SO ORDERED.

                                                               /s/
                                          KIYO A. MATSUMOTO
                                          United States District Judge

Dated: Brooklyn, New York
       February 2, 2010