UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HU YI HUAN,

                     Plaintiff,           **MEMORANDUM AND ORDER**
                                                          10-CV-224 (KAM)

       -against-

FEDERAL GOVERNMENT, and U.S.
AMERICA make position: major case of police
to me for name I never get then identity theft
and theft my asset.  I freeze asset to used now.
return asset please!,
                              Defendant.
-----------------------------------------------------------x

**MATSUMOTO, United States District Judge:**

On January 20, 2010, plaintiff Hu Yi Huan filed this *pro se* action. (Doc. No. 1.) By Memorandum and Order dated February 2, 2010, the court dismissed plaintiff's complaint as frivolous and delusional pursuant to *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000). (Doc. No. 4.) The court has since received two letters from plaintiff dated February 6, 2010 and February 9, 2010. (Doc. Nos. 6 & 7.) The court will liberally construe petitioner's letters as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1] For the following reasons, the motion is denied.

---

[1] Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. *See, e.g.*, *Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Plaintiff does not specify under which Rule she seeks reconsideration. Because plaintiff has not provided any arguments that, liberally construed, fall into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5) or present "extraordinary circumstances" justifying relief under the catch-all provision of 60(b)(6), *see* Fed. R. Civ. P. 60(b); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) (a Rule 60(b)(6) motion requires "extraordinary circumstances"), the court will treat plaintiff's submission as a motion for reconsideration under Rule 59(e).

**DISCUSSION**

To take advantage of Rule 59(e), the moving party must seek reconsideration "no later than 28 days after the entry of the judgment." [2] Fed. R. Civ. P. 59(e); *see also* Local Civil Rule 6.3.

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). Accordingly, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Shearard*, 2010 WL 2243414, at *1; Local Civil Rule 6.3. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001); *see also Hall v. North Bellmore Union Free School Dist.*, No. 08-CV-1999, 2010 WL 2267399, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original

---
[2] Plaintiff's letters were filed within 6 days after entry of judgment and are therefore timely.

motion."); *Torres v. Carry,* No. 08-CV-8967, 2009 WL 3633897, at *1 (S.D.N.Y. Oct. 29, 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."); *Cordero,* 574 F. Supp. 2d at 380 ("Neither Rule 59(e) or Local Civil Rule 6.3 . . . is an appropriate vehicle . . . to advance new facts, issues, or arguments not previously presented to the court." (citation and internal quotation marks omitted)).

Having reviewed plaintiff's motion, the court finds that it does not satisfy the demanding standard for reconsideration under Rule 59(e). Plaintiff has not cited, nor does the court find, any error of law or facts in the record that the court overlooked in dismissing the case, or any change in governing law. *See Shrader*, 70 F.3d at 257. Moreover, plaintiff does not allege, nor does the court find, that reconsideration is warranted to prevent manifest injustice or that there is newly available evidence. Instead, plaintiff's motion repeats the same nonsensical allegations contained in her complaint, and thus appears to simply reiterate arguments already raised and rejected by this court. *Compare* Feb. 9, 2010 Letter at B ("[s]econd case that used my body search science to get money (ASSET) example; 1) my head person image 2) first person stat in stat system 3) first demolition bomb (judgment day), 4) property (person carrier in the body not show face show face with then family) 5) my house in Virginia on 1991 (Government got) 6) have more not one by one count of Government return asset please.") *with* Compl. at 1 ("A. First person stat stay system in world then Russia stat near my first person stat fight by demolition bomb. B. my first demolition bomb only me can fight. C. I built house on 1991. D. people carrier my property in the body. can change face."). Accordingly, plaintiff's motion for reconsideration under Rule 59(e) is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration under Rule 59(e) is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this Memorandum and Order upon the plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      July 7, 2010

                                                _____/s/_____
                                                Kiyo A. Matsumoto
                                                United States District Judge